# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TOMMY LAMPLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 2:10-CV-338 TLS ) |
| ED BUSS, Commissioner, Indiana Department of Correction, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Tommy Lampley, a prisoner confined at Westville Correctional Facility (WCF) who is proceeding pro se in this matter, filed this action pursuant to 42 U.S.C. § 1983 alleging that Indiana Department of Correction (IDOC) officials violated his federally protected rights. The Defendants are the WCF; the Westville Control Unit (WCU); IDOC Commissioner Ed Buss; WCF Superintendent Mark Levenhagen;[1] WCF officials Timothy Bean, D. Daugherty, and Captain George Payne; and WCF Correctional Officers J. Parker, Buckmon, and Zimmermon.

## SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v.*

---

[1] In his Complaint, the Plaintiff spells Defendant Levenhagen's name incorrectly as Levinhagen.

*Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under Rule 12(b)(6), a court construes a complaint in the light most favorable to the plaintiff, accepts well-pleaded facts as true, and draws all inferences in the plaintiff's favor. *Estate of Davis v. Wells Fargo Bank*, — F.3d —, 2011 WL 93030, at *2 (7th Cir. Jan. 12, 2011). However, a court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The Supreme Court has articulated the following standard regarding the factual allegations that are required to survive dismissal for failure to state a claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. A plaintiff can also plead himself out of court if he

pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Additionally, a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

## COMPLAINT ALLEGATIONS

In his Complaint, the Plaintiff alleges that the Defendants violated rights protected by the First and Fourteenth Amendments and 18 U.S.C. § 1702 by withholding two books that came to him in the mail because they posed a threat to the safety and security of the facility. He also alleges that the Defendants violated the Eighth Amendment's prohibition against cruel and unusual punishments by placing him in a chilly cell without adequate blankets or clothing. The Plaintiff seeks damages from the Defendants in their individual and official capacities, declaratory relief, and injunctive relief.

## DISCUSSION

The Plaintiff brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States and must show that a person acting under color of state law

committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).

A.      **The Westville Correctional Facility and the Westville Control Unit**

The Plaintiff has named the WCF and the WCU as Defendants. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This "Amendment usually bars actions in federal court against a state, state agencies, or state officials acting in their official capacities." *Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 695 (7th Cir. 2007). However, courts have recognized three principal exceptions: (1) a state may waive immunity by consenting to suit in federal court; (2) Congress may abrogate the state's immunity through a valid exercise of its powers; and (3) under the *Ex parte Young* doctrine, a plaintiff may file suit against state officials seeking prospective equitable relief for ongoing violations of federal law. *Id.* Although a state may elect to waive its Eleventh Amendment immunity, Indiana has not done so. *Meadows v. State of Ind.*, 854 F.2d 1068, 1069 (7th Cir. 1988). The Supreme Court has held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Additionally, Congress has not abrogated the Eleventh Amendment immunity of the states in § 1983 suits. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) (citing *Quern v. Jordan*, 440 U.S. 332, 341–45 (1979)). Consequently, none of these exceptions applies to the Plaintiff's § 1983 claims against the WCF or the WCU, and thus the Eleventh Amendment bars the claims against these state agencies.

Moreover, states and their departments and agencies are not "persons" subject to suit pursuant to 42 U.S.C. § 1983. *Joseph*, 432 F.3d at 748 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989)).

**B.     Commissioner Ed Buss**

The Plaintiff asserts that he is suing Defendant Ed Buss for the following reasons:

> Defendant [Buss] is the Commissioner of the Indiana Department of Corrections [sic] . . . at the time of these events occurred. He is legally responsible of the Department of Corrections [sic] for the state of Indiana. Under the color of state law he exercises supervisory authority/power, control over all correctional staff in these prisons, and conditions in these prisons[.] He is responsible for the operations and management of [the] Westville Correctional Facility pursuant to [Indiana statute].

(ECF No. 1 at 22.)

Section 1983 creates a cause of action for damages based on personal liability, and a person cannot be held liable for damages under § 1983 unless the individual was personally involved or participated in the alleged constitutional deprivation. *Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004) (stating that an "official satisfies the personal responsibility requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights"); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) ("An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation."); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). The doctrine of respondeat superior, under which a supervisor may be held liable for an employee's actions, does not apply to § 1983 actions, and thus to be held individually liable, a defendant must be personally responsible for the deprivation of a constitutional right. *Sanville v. McCaughtry*, 266 F.2d 724, 740 (7th Cir. 2001). "Liability depends on each defendant's

5

knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009).

The Plaintiff does not allege that Defendant Buss had any direct personal involvement in or knowledge of the events he complains of, and thus his theory of recovery against Defendant Buss is based upon respondeat superior or vicarious responsibility. Accordingly, the Court will dismiss the claims against Defendant Buss.

### C. Grievance Specialist Timothy Bean

The Plaintiff claims that Defendant Bean, a WCF grievance specialist, "exercised power/and decision making authority over the grievance procedure at Westville about the gift publications" that were withheld from the Plaintiff. (ECF No. 1 at 24.) The Plaintiff asserts that he filed a grievance pertaining to Defendant Daugherty's withholding of publications that arrived at the facility addressed to him and that Defendant Bean denied his grievance, stating "this matter has been addressed and the content/terminology of these books pose a safety and serious concern for the facility." (*Id.* at 5.)

A prisoner has no due process rights with respect to the prison grievance procedures; in other words, he has no liberty or property interests in procedural protections. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001). A ruling against a prisoner on an administrative complaint (i.e., a prisoner's grievance) does not cause or contribute to a constitutional violation. *George v. Smith*, 507 F.3d. 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.") (citations omitted). The Court will

6

dismiss the claims against Defendant Bean.

D.     **Official Capacity Damage Claims**

The "Plaintiff brings this action on his own behalf for damages . . . against each defendant in their individual and official capacity, jointly and severally." (ECF No. 1 at 19.) The Plaintiff may sue Defendants for damages in their individual capacities, but the Eleventh Amendment precludes an action against state officials for damages in their official capacities when the state is the real party in interest. *Brown v. Budz*, 398 F.3d 904, 917–18 (7th Cir. 2005).

E.     **First and Fourteenth Amendment Claim**

The Plaintiff alleges that on May 21, 2010, Defendant Daugherty sent him a Notice and Report of Action Taken on Correspondence, stating that the facility was withholding two publications, *The Art of Seduction* and *The Art of Making Money*, from him "because they are 'a threat to safety and security' at Westville Correctional Facility." (ECF No. 1 at 1.) He asserts that by withholding the publications that came by mail, Defendants Daugherty, Bean, Levenhagen, Buss, and Payne violated the Plaintiff's First and Fourteenth Amendment rights because "prison inmates retain all First Amendment rights not incompatible with their status as prisoners, or with the legitimate penological objectives of the corrections system." (ECF No. 1 at 3 (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974).)

In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by a defendant's actions. *Bublitz v. Cottery*, 327 F.3d 485, 488 (7th Cir. 2003) (citing *Graham v. Conner*, 490 U.S. 386, 394 (1989), and *Payne v.*

*Churchich*, 161 F.3d 1030, 1039 (7th Cir. 1998)). As a prisoner, the Plaintiff "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with legitimate penological objectives of the correctional system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Encompassed within the First Amendment is the right to be free from certain interference with correspondence. *Turner v. Safley*, 482 U.S. 78, 84, 89–91 (1987). Regulations governing receipt of publications by prisoners are analyzed under the reasonableness standard, and prison regulations are valid if they are reasonably related to legitimate penological interests, such as security. *Thornburgh v. Abbott*, 490 U.S. 401, 414–18 (1989).

Giving the Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, the Court finds that the Plaintiff has stated a claim that the Defendants violated his First Amendment and Fourteenth Amendment rights by withholding publications from him in the absence of a legitimate penological interest.

F.     **Claims of 18 U.S.C. § 1702 Violation**

The Plaintiff alleges that Defendants Bean, Daugherty, Levenhagen, and Payne "have violated his statutory right to freedom from interference with mail delivery under 18 U.S.C. § 1702, which criminalizes the obstruction of correspondence." (ECF No. 1 at 8.) Section 1702 is a criminal statute that punishes obstruction of correspondence, and there is no private right of action under the statute. *See Buza v. Cal. Dep't of Corrs. & Rehab.*, No. 10-04604, 2010 WL 4774410, at *1 (N.D. Cal. Nov. 16, 2010); *Okoro v. Krueger*, Civ. No. 05-70269, 2007 WL 3333476, at *11 n. 7 (E.D. Mich. Sept. 21, 2007); *Sciolino v. Marine Midland Bank-Western*, 463 F. Supp. 128, 131–34 (W.D.N.Y. 1979); *Berlin Democratic Club v. Rumsfeld*, 410 F. Supp. 144,

162 (D.D.C. 1976); *Hill v. Sands*, 403 F. Supp. 1368, 1371 (N.D. Ill. 1975).

### G. Eighth Amendment Claim

The Plaintiff alleges that Defendants Parker, Payne, Buckmon, Zimmermon, and Levenhagen violated rights protected by the Eighth Amendment to the United States Constitution by depriving him of adequate clothing and placing him in a cell with the following conditions:

> the ventilation system air condition [sic] was blowing out cold air all day and at night the temp[er]atures dropped with cold air blowing through vents was brutal, and he had no adequate clothing to combat the cold. Plaintiff had only one cott[o]n blanket with holes, one pair of pants, one shirt, no long john underwear, no cap, no clothes that were clean, no gloves, no extra blankets, no clean socks, no clean boxers, and no coat to combat the cold. The cell windows in the back of the Plaintiff's room was blowing cold air in at night because the ins[u]lation filler around the window[] frame has been removed, so this is broken, and the night time temperatures in the cell with air condition[ing] on, and cold air coming in through [the] back window were freezing.

(ECF No. 1 at 10 (quotation marks removed).)

The Eighth Amendment protects prisoners against the infliction of cruel and unusual punishment by the government, and the government "violates the amendment when it 'so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs' including food and medical care." *Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)). Although prison "conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment," prisoners are entitled to "the minimal civilized measure of life's necessities." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994)). The minimal civilized measure of life's necessities includes adequate shelter and protection from extreme cold. *Id.* at

9

642, 644. The United States Supreme Court has noted:

> Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.

*Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

Giving the Plaintiff the benefit of the inferences to which he is entitled at the pleadings stage, the Court finds that the Plaintiff has stated a claim that his Eighth Amendment rights were violated when the Defendants denied him clean, adequate clothing and when they placed and maintained him a cold cell without adequate bedding or clothing.

### H. Damages for Mental and Emotional Injuries

The Plaintiff seeks damages for mental and emotional injuries on his First Amendment claim (ECF No. 1 at 8 and 20) and his Eighth Amendment claim (ECF No. 1 at 21). The Plaintiff's claims are limited by a federal statute that provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility for emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This provision limits the compensatory damages available, but it is inapplicable to awards of nominal or punitive damages. *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008) ("We have previously held that this provision limits the damages available to prisoners not only for constitutional torts, but for violations of federal statutes.") (citations omitted); *Calhoun v. DeTella*, 319 F.3d 936, 941 (7th Cir. 2003) (observing that "§ 1997e(e), as the plain language of the statute suggests, limits recovery 'for mental and emotional injury,' but leaves unaffected

claims for nominal and punitive damages, which seek to remedy a different type of injury" ). Thus, this section limits the ability of prisoners to recover for mental and emotional distress where they have suffered no physical injury, but they may still seek other forms of damages. Furthermore, the Seventh Circuit has explained that, pursuant to this statutory section, physical injury is a predicate for an award of damages for mental or emotional injury, not a filing prerequisite for the federal civil action itself. *See Smith v. Peters*, 631 F.3d 418, 421 (7th Cir. 2011); *Calhoun*, 319 F.3d at 940.

Because the Plaintiff does not allege that he suffered any physical injury from the Defendants' actions regarding his mail, he may not recover damages for mental or emotional injuries on his First Amendment claim, but he may seek other forms of damages caused by these alleged constitutional violations. The Plaintiff's Eighth Amendment claim involving mental or emotional injury regarding the conditions of his confinement (particularly, the cold temperatures in his cell and the lack of adequate clothing and blankets) is sufficient to survive scrutiny under 28 U.S.C. § 1915A. The Plaintiff will ultimately have to demonstrate that he suffered an actual physical injury as a result of these conditions to recover compensatory damages for the mental or emotional injury, or § 1997e(e) will bar recovery of such compensatory damages.

## CONCLUSION

For the foregoing reasons, the Court:

1. **GRANTS** the Plaintiff leave to proceed against Defendants Daugherty, Levenhagen, and Payne in their individual capacities for damages on his First Amendment claim involving the alleged denial of publications; against Defendants Parker, Buckmon, Zimmermon,

Payne, and Levenhagen in their individual capacities for damages (including mental or emotional injury) on his Eighth Amendment claim involving conditions that he alleges he suffered while confined in a segregation unit; and against Defendant Levenhagen in his official capacity on the Plaintiff's declaratory and injunctive relief claims;

2. **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b), Defendants Westville Correctional Facility, Westville Control Unit, Buss, and Bean, **DISMISSES** the official capacity damage claims against the remaining Defendants, **DISMISSES** the damage claim for mental or emotional injury regarding his First Amendment claim, and **DISMISSES** all other claims;

3. **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Defendants Daugherty, Levenhagen, Parker, Buckmon, Zimmermon, and Payne respond to the Complaint as provided for in the Federal Rules of Civil Procedure;

4. **DIRECTS** the Clerk of this Court to ensure that a copy of this Opinion and Order is transmitted along with the summons and the Complaint to the U.S. Marshals Service for service on the Defendants; and

5. **DIRECTS** the U.S. Marshals Service to effect service of process on Defendants Daugherty, Levenhagen, Parker, Buckmon, Zimmermon, and Payne on the Plaintiff's behalf.

SO ORDERED on March 7, 2011.

                                                 s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION