# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TOMMY LAMPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:10-CV-338-TLS |
| | ) | |
| ED BUSS, Commissioner, Indiana | ) | |
| Department of Correction, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Tommy Lampley, a prisoner confined at Westville Correctional Facility who is proceeding pro se in this action, filed a Prisoner Complaint [ECF No. 1] pursuant to 42 U.S.C. § 1983 alleging that Indiana Department of Correction (IDOC) officials violated his federally protected rights.

The Court screened his Complaint pursuant to 28 U.S.C. § 1915A. The Court granted the Plaintiff leave to proceed against Defendants Daugherty, Mark Levenhagen, and George Payne in their individual capacities for damages on his First Amendment claim involving denial of publications; against Defendants Parker, Buckmon, Zimmermon, Payne, and Levenhagen in their individual capacities for damages on the Plaintiff's Eighth Amendment claim involving conditions he says he suffered while confined in a segregation unit; and against Defendant Levenhagen in his official capacity on the Plaintiff's declaratory and injunctive relief claims. The Court dismissed Defendants Westville Correctional Facility, Westville Control Unit, Ed Buss, and Timothy Bean, dismissed the official capacity damage claims against the remaining Defendants, dismissed the damage claim for mental and emotional injury regarding the Plaintiff's First Amendment claim, and dismissed all other claims.

The Defendants have filed a Motion to Dismiss or in the Alternative to Strike the Complaint [ECF No. 24], pursuant to Federal Rules of Civil Procedure 8, 10, 12, and 13. The Defendants assert that the Complaint "in its present format prevents the Defendants from effectively understanding and responding to it. (ECF No. 24 at 1.) They note that the Complaint is twenty-seven pages in length, that the many sections of the Plaintiff's Complaint consist of unnumbered and un-indented paragraphs, that they are unable to admit or deny individual allegations that comprise the factual basis for the Complaint, and that the Complaint does not contain a short and plain statement. They also suggest that the Plaintiff's claims are buried in pages of "gobbledygook" that hide notice of the claims and that the Complaint contains so much irrelevant, confusing, or redundant material that the factual allegations are obscured..

Rule 8(a) requires that a pleading provide a short and plain statement of the grounds for the court's jurisdiction, a short plaint statement of the claim showing an entitlement to relief, and a demand for relief. A complaint must "'give the defendant fair notice of what the . . . [plaintiff's] claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), and the claim must be "plausible on its face," *Twombly*, 550 U.S. at 570. Rule 10(b) requires that parties state claims in numbered paragraphs in their pleadings. Compliance with Rule 8(a) and Rule 10(b) helps to ensure that defendants and courts understand the claims alleged and determine their validity. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). However, a "document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble* 429 U.S. 97, 106 (1976)).

The Defendants are correct that the Plaintiff's Complaint does not technically comply with Rule 10(b), but dismissing or striking the Complaint is not warranted here.[1] The Complaint provides some headings and subheadings and some paragraph numbering/identification. It also includes separate sections identified by headings such "jurisdiction" and "prayer for relief," and the pages of the Complaint are numbered. When the Court reviewed the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, the Court was able to sift through the allegations, make rulings, and determine that the Complaint in its present form was sufficient. Additionally, in its screening Opinion and Order, the Court dismissed many of the Complaint's claims and allowed the Plaintiff leave to proceed only against some of the Defendants on the remaining claims (ECF No. 13). Considering the Complaint and the Court's screening Opinion and Order, the Court is of a view that the remaining Defendants have adequate notice of the Plaintiff's claims and are able to respond to those portions of the Complaint and those claims that have survived screening.

For the foregoing reasons, the Court DENIES the Defendants' Motion to Dismiss or in the Alternative to Strike the Complaint [ECF No. 24].

SO ORDERED on April 15, 2011.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[1] The Court's recognition that special considerations apply to pro se pleadings is also reflected in Local Rule 10.1, which states that, "[e]xcept in pro se cases, a responsive pleading under Fed. R. Civ. P. 7(a) shall recite verbatim that paragraph of the pleading to which it is responsive, followed by the response."