# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| TOMMY LAMPLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-338-TLS |
| | ) | |
| ED BUSS, Indiana Department of | ) | |
| Correction Commissioner, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Tommy Lampley's Motion to Amend Civil Complaint [ECF No. 58] and Request to File an Amended and Supplemental Complaint [ECF No. 65], both of which address the same proposed amended complaint [ECF No. 58-1], and the Defendants' response to those requests [ECF No. 66]. The Defendants argue that the Plaintiff's proposed amended complaint should be rejected because it contains unrelated claims against different defendants in violation of *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), because the new claims against existing Defendants Captain George Payne and facility Superintendent Mark Levenhagen are not related to the original claims, and because the Plaintiff is not able to represent the interests of another.

The Plaintiff's original complaint [ECF No. 1] presented several claims concerning events that occurred at the Westville Correctional Facility ("WCF"). This Court screened the complaint pursuant to 28 U.S.C. § 1915A, and granted the Plaintiff leave to proceed against Defendants Daugherty, Levenhagen, and Payne in their individual capacities for damages on his First Amendment and Fourteenth Amendment claim involving the alleged denial of publications; against Defendants Parker, Buckmon, Zimmermon, Payne, and Levenhagen in their individual capacities for damages on his Eighth Amendment claim involving conditions that he alleges he

suffered while confined in a segregation unit; and against Defendant Levenhagen in his official capacity on the Plaintiff's declaratory and injunctive relief claims.

On pages one through four of his proposed amended complaint [ECF No. 58-1], the Plaintiff asserts a claim that in 2011, long after he filed his original complaint, WCF officials Sally Nowatzke and Ms. Fox, along with Defendants Payne and Levenhagen, interfered with his access to the Marion Circuit Court by tampering with legal correspondence. Neither Nowatzke nor Fox were named as defendants in the original complaint. Pages five through twelve of his proposed amended complaint re-plead the Plaintiff's denial of publications claim. Pages twelve through sixteen of his proposed amended complaint re-plead the Plaintiff's Eighth Amendment claim involving conditions that he alleges he suffered while confined in a segregation unit. Pages seventeen and eighteen of the proposed amended complaint address the question of whether migraine headaches constitute a serious medical need, as asserted in the Plaintiff's original complaint. Finally, in Plaintiff's Motion to Amend Civil Complaint [ECF No. 58], the Plaintiff requests to add a new plaintiff—the person who mailed him the publications that were denied to him. (Pl.'s Mot. to Amend 3, ECF No. 58.)

**DISCUSSION**

**A.     New Claims Against New Defendants**

Pursuant to *George v. Smith*, 507 F.3d at 607, a district court must question and reject any complaint that contains unrelated claims against separate defendants. "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright,

all in different transactions—should be rejected if filed by a prisoner." *Id.*

> The district court did not question [the plaintiff's]decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The controlling principle appears in [Federal Rule of Civil Procedure] 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*Id.*

In *Owens v. Hinsley*, 635 F.3d 950 (7th Cir. 2011), the Seventh Circuit criticized a district court for disregarding *George*, and reemphasized that "unrelated claims against different defendants belong in separate lawsuits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits like this one, but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act." *Id.* at 952 (internal quotation marks omitted). The court held that "[c]omplaints like this one . . . should be rejected, *George*, 507 F.3d at 607, either by severing the action into separate lawsuits or by dismissing improperly joined defendants." *Owens*, 635 F.3d at 952.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." It is appropriate, however, to deny leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). Here the proposed amended complaint re-pleads the claims in the original complaint that survived screening, but it also seeks

to add new claims, which occurred long after the original complaint was filed, against defendants not named in the original complaint. Applying *George* and *Owens*, this Court will deny the Plaintiff's request to amend his complaint to add claims against new defendants that are not related to the claims arising from events described in the original complaint.

B.     **New Claims Against Existing Defendants**

Further, the Plaintiff asserts that Defendants Payne and Levenhagen are involved in the alleged tampering with legal correspondence. However, he gives no indication how these Defendants are involved. His proposed amended complaint summarizes the role that Nowatzke and Fox play in physically handling his mail. But as to Defendants Payne and Levenhagen, he merely states that:

> The defendants (Nowatzke, Ms. Fox, Payne, and Levenhagen) at the Westville Correctional Facility and Westville Control Unit have all conspired to deny Plaintiff access to the court in Marion County Circuit by intentionally opening my legal mail outside my presence and then removing some of its contents that were being mailed out to the court in Marion County.

(Pl.'s First Am. Compl. 2, ECF No. 58-1.) His proposed amended complaint gives no indication that he has any reason to suspect involvement by Defendants Payne and Levenhagen besides their positions of authority within the facility. The Plaintiff alleges that Defendant Levenhagen supervises mail room staff and case workers, and "has conspired with other defendants to deny and interfere with [the Plaintiff's] access to the courts." (*Id.* 23.) He also alleges that Defendant Levenhagen failed to act on the grievance the Plaintiff filed concerning deprivation of access to the courts. (*Id.*) The Plaintiff also alleges that Defendant Payne supervises prison counselors and

case managers, and "has conspired with prison counselor[s] to deny Plaintiff access to the court in Marion County circuit by having the legal opened outside [the Plaintiff's] presence, and reading it, and removing the complaints and summonses from the envelope addressed to the court each time Plaintiff mailed anything . . . to Marion County circuit." (*Id.* 24.)

The Defendants argue that the new allegations against existing defendants "are not related to the substance of the pending lawsuit and as such the motion to amend or supplement should be denied." (Defs.' Resp. 2, ECF No. 66.) However, Federal Rule of Civil Procedure 18(a) allows a "party asserting a claim" to "join, as independent or alternative claims, as many claims as it has against an opposing party." A timely amendment adding well-pleaded claims against existing defendants is allowed under Rule 18(a).

But the Court still has a duty to screen complaints from pro se prisoners pursuant to 28 U.S.C. § 1915A. A document filed pro se is to be "liberally construed," and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the following standard regarding the factual allegations that are required to survive dismissal for failure to state a claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must

> be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell*, 550 U.S. at 556). The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc*., 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

The Plaintiff's new claims against Defendants Payne and Levenhagen are brought pursuant to 18 U.S.C. § 1983. As the Court has previously noted, § 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains.

*Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury, *see Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985) (requiring a "causal connection between the state's failure and the plaintiff's injury" for recovery under § 1983). Further, denying a prisoner's formal grievance is not grounds for a § 1983 violation. As the Seventh Circuit has stated, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George*, 507 F.3d at 609.

Here the Plaintiff alleges that prison counselor Nowatzke is the person who physically receives his mail from his hand. He further alleges that mail room clerk Fox is the person who physically receives the mail from Nowatzke. But nowhere does he allege that Defendant Payne, an officer in the facility, or Defendant Levenhagen, the facility superintendent, had any personal involvement with his legal mail. Rather he makes conclusory allegations that suggest only that Defendants Payne and Levenhagen must have conspired with the employees they supervise (a mail room clerk and a prison counselor). His conspiracy allegations are unsupported. Furthermore, as noted above, his attempt to found § 1983 claims on a theory of *respondeat superior*, or on the theory that his formal grievance was wrongly denied, is unavailing because those theories do not state claims under § 1983.

Exercising its screening duty under § 1915A, the Court will deny the Plaintiff's request

7

to add these counts against existing Defendants Payne and Levenhagen because the Plaintiff has failed to plead any facts upon which the Court could conclude that these Defendants tampered with his legal mailings or conspired to do so. He has merely pled a legal conclusion without supporting facts. Because the new allegations do not plead facts moving the allegations from conceivable to plausible, *see Iqbal*, 129 S. Ct. at 1950–51, the Plaintiff fails to state new claims upon which relief can be granted.

C.      **Request to Add a New Plaintiff**

Finally, a pro se prisoner is in no position to represent the interests of another party. *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000). Accordingly, the Court will deny the Plaintiff's request to amend his complaint by adding an additional plaintiff.

D.      **Conclusion**

Accordingly, the Court DENIES the Plaintiff's Motion to Amend Civil Complaint [ECF No. 58] and Request to File an Amended and Supplemental Complaint [ECF No. 65] without prejudice to his right to re-file his claim of denial of access to the courts as a new complaint.

SO ORDERED on February 10, 2012.

                                              s/Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION