UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TOMMY LAMPLEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-338-TLS-PRC |
| | ) | |
| MARK LEVENHAGEN, *et al*., | ) | |
|     Defendants. | ) | |
| | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's First Motion to Compel Discovery for "In Camera Review" the Video Tapes and Production of Documents that Maybe Confidential Security Information, Produce "In Camera for Review" to the Chief Judge Ms. Springmann [sic] [DE 67], filed by Plaintiff Lampley, *pro se* on February 9, 2012. Defendants filed a response of February 16, 2012.

Plaintiff Lampley requests that the Defendants produce copies of the publications they allegedly withheld from him and several security videotapes he believes show facts relevant to this case. He requests that the materials be filed with the Court for *in camera* review. Defendants argue that they have produced all responsive documents and that the additional requested materials are not in their possession.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Nevertheless, the Federal Rules require a court to

>limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).   Rule 37(a) allows a party to move for an order compelling discovery, including an order compelling an answer or inspection. *See* Fed. R. Civ. P. 37(a)(3)(B). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (addressing discovery in an employment discrimination case).

"A party need not produce documents or tangible things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or tangible thing is not in existence." *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) (citations omitted). When a party denies "that it has possession, custody or control of documents, the requesting party must make an adequate showing to overcome this assertion." *Id*. (quotation and citations omitted). Plaintiff Lampley has made no such showing, and Defendants have certified that they do not possess the materials requested in the instant Motion.

Accordingly, the Court hereby **DENIES** the Plaintiff's First Motion to Compel Discovery for "In Camera Review" the Video Tapes and Production of Documents that Maybe Confidential Security Information, Produce "In Camera for Review" to the Chief Judge Ms. Springmann [sic] [DE 67].

SO ORDERED this 25th day of April, 2012.

                                                  s/ Paul R. Cherry
                                         MAGISTRATE JUDGE PAUL R. CHERRY
                                         UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Plaintiff, *pro se*